The opinion of the court was delivered by
Bermudez, C. J.
Anderson appeals from a judgment sentencing him to hard labor for eighteen months, on a conviction for larceny.
The record contains a bill of exception to the refusal of the trial judge to have certain testimony reduced to writing; a motion in arrest and an other bill, to the overruling of such motion.
I.
The first bill recites, “ that, on the trial of this prosecution, on its merits, the State was proceeding to offer evidence to lay the basis for the introduction in evidence of voluntary declarations of the accused, when the accused asked the court to reduce the said evidence to lay a basis to writing, inasmuch as this was a question of blended law and facts, reviewable by the Supreme Court, and inasmuch as the accused wished to have the question reviewed by the Supreme Court, which could only be done by writing down said evidence to lay a basis for the introduction of voluntary declarations; but the court refused to reduce the same to writing, and proceeded and admitted the said declarations of accused. To which ruling,” etc.
*592 In support of this position the decision in State vs. Seiley, 41 An. 143, is invoked.
The right of the accused to have testimony reduced to writing in exceptional cases was there, it is true, recognized; but, for the sole purpose of establishing material facts, in cases in which a difference of opinion as to such facts exists between judge and accused, and in which, had the testimony been thus reduced, it would have disclosed a state of facts favorable to the accused, and assisted him in his efforts for an acquittal.
In the present instance the bill does not show, as it ought, the nature and substance of the testimony, whether there existed any difference between judge and accused or counsel; that it was illegally received and is insufficient to serve as a foundation, and that, had the testimony been thus taken down, it would have shown that the voluntary declarations should not have been received, and that, by its not being so reduced to writing, accused has sustained great and irreparable injury.
The bill can not, therefore, be considered well founded.
II.
The motion in arrest of judgment charges “that the indictment against him (accused) is insufficient, defective and null in this: that it does not describe all the goods alleged to have been stolen, with legal certainty; that part of the count charging the stealing ‘and other things of the goods and chattels of Joseph Landry,’ being a component part of the charge, is too vague and indefinite,” * * * and does not enable “the defendant, in case of acquittal or conviction, to plead the same to a subsequent indictment relating to the same property.”
If the information was defective in not specially describing the “other things,” the accused should have demanded before trial a bill of particulars, or objected to the admission of proof when offered during trial, to show what those “other things” consisted in.
After taking the chances of a trial without any complaint on that score, his attack comes too late. Even if he were in time, it is more than questionable whether the objection could prevail against an information which contains a sufficient description of other goods, and effects alleged to have been stolen. 37 An. 856.
*593 III.
The hill of exception taken to the overruling of the motion in arrest is a redundance. The decree denying the motion is of record. Bills of exception are designed to put of record matters which, without them, would not appear. Considering that the motion in arrest was properly set aside, it is unnecessary to notice this bill further.
'Judgment affirmed.